Matter of Sucesores de José Hernaiz.

# IN THE MATTER OF SUCESORES DE JOSÉ HER-
NAIZ, Bankrupts.

San Juan, Bankruptcy, No. 22.

1. A limited partner who interferes unduly in the affairs of the firm will,
   as to creditors, be considered a general partner.
2. In such a case, he must file schedules of his private property.
3. The court in bankruptcy has jurisdiction over the partnership and in-
   dividual property of a nonresident partner when the record shows
   that one of the partners, resident of Porto Rico, and describing himself
   as a general partner, filed a petition in the name of the firm, and the
   other partner, described as a limited partner, filed a claim with the
   referee.

Opinion filed October 25, 1907.

*Mr. William H. Hawkins,* attorney for creditors.

RODEY, Judge, delivered the following opinion:

This cause has been some time before the referee in bank-
ruptcy. It appears that some months ago W. H. Hawkins, Esq.,
counsel for divers of the creditors, appeared before the referee

Note.—*Partnership; bankruptcy.*—As to effect of adjudication of bank-
ruptcy of partnership to subject the separate estates of the partners to
administration in bankruptcy, see note to Dickas v. Barnes, 5 L.R.A.(N.S.)
654.

Matter of Sucesores de José Hernaiz.

and requested him to issue an order against the alleged limited partner, Julian Munsuri, requiring the latter to file schedules of his individual property as a general partner in the premises, and further requesting the referee to issue an order of injunction against the said Munsuri, restraining him, until the further order of the court, from disposing of any of his private property situated in this district, and requesting that a cautionary notice in that behalf be issued by the court to the proper registrar of property. It appears that the referee granted both of these requests, but failed to record the warning notice in the registry office. It further appears that shortly thereafter the referee rescinded his action in this behalf, and annulled, or attempted to annul, his order of injunction, on the ground that he had no jurisdiction of the said Munsuri, under the ruling of this court in the case of Ortiz v. Alcalá del Olmo, 2 Porto Rico Fed. Rep. 95, decided something like a year ago.

Thereupon, or as soon thereafter as he became aware of this action of the referee, counsel for the creditors appeared before said referee and excepted to his action in the premises, and petitioned that the matter be certified to the court for a ruling. Counsel further filed before the court itself a motion that, on the evidence already introduced before the referee, Munsuri be declared and be held to be a general, and not a special, partner of the bankrupt firm.

On this motion and on the issue raised by the certificate of the referee, counsel has had a full hearing,—no person appearing for Munsuri, although parties who represented him before the referee were duly cited. A transcript of the evidence taken before the referee, as well as the exhibits introduced, consisting of letter books, papers, ledgers, etc., was duly submitted.

Having thus heard counsel at length, and consulted the

Matter of Sucesores de José Hernaiz.

statutes of Porto Rico with reference to limited partnerships, and having examined the text-books, reports, and citations as submitted by counsel, we are constrained to observe and hold:

That the law of Porto Rico as to limited partnerships, as set out in the statute embraced in the commercial code, is practically the rule of limited partnerships as known in France, Spain, Louisiana, and other civil-law countries and states. That under such a law a limited partner is not permitted to interfere unduly in the partnership affairs without subjecting himself to being held liable *in solido* as a general partner. In this case we find from the evidence, the exhibits, the letter-press copy books, etc., as aforesaid, that the bankrupt Munsuri did, in fact, unduly, and contrary to the Porto Rican statute, interfere in the said alleged limited partnership, and that he was in fact as to the creditors as much a general partner therein as was the duly constituted general partner, José Trueba.

Munsuri largely managed the business, bought and sold goods for the firm, went to the States as its purchasing agent, and was in fact the managing and dominating person in connection with it. In truth, we are inclined to believe that the firm name under which the business was conducted, that is, "Sucesores de José Hernaiz," was not such a firm name as could be used in such a limited partnership under the Porto Rican law, the letters "S. en C." (Sociedad en Comandita) never having been used either on the signs on any of the business places, or on the stationery. Further, it appears that at a time when the concern was insolvent, this man Munsuri induced the declaring of a dividend to himself and the said Trueba of almost $25,000. The letter books show that Munsuri went to the States in the summer or fall of 1902, and had the general partner write letters to many wholesale houses in New York, all of whom are now

creditors as a result of purchases then made. These letters were written under the firm name, referring to him as "our Mr. Julian Munsuri," who was going there to buy goods, etc., "in our name." It appears further that the general partner had no means whatsoever, save what he may have had in the business itself, and that this man Munsuri was a comparatively wealthy man in Porto Rico, and the only person whose commercial standing could give any apparent commercial weight to the business in question. We therefore, on the evidence,—and it is ample,—unhesitatingly hold him to be a general partner in the concern; and we further hold that he must file schedules of his private property in the premises, as required by the bankrupt act. We further hold that the referee erred in rescinding his order of injunction aforesaid, and his order rescinding the same will therefore be, and is hereby, vacated, and a cautionary notice will at once issue to the proper registry offices, describing the property sought to be bound, in such ample form as may be proper.

We are of opinion that the court has full and complete jurisdiction of the said Julian Munsuri under the bankruptcy act, because the general partner filed the petition as and of the "Sucesores de José Hernaiz, merchants, in liquidation," composed of José Trueba Munsuri, general partner, and Julian Munsuri y Hernaiz, limited partner, and because the said Julian Munsuri y Hernaiz thereafter, through one Wenceslao Bosch, thereunto duly empowered in writing to represent him, filed proof before the referee of a claim in his own favor against said bankrupt concern, amounting to over $11,000. Section 5c of the bankruptcy act, in our opinion, gives the court this jurisdiction. "The court of bankruptcy which has jurisdiction of one of the partners may have jurisdiction of all the partners, and

of the administration of the partnership and individual property." [30 Stat. at L. 547, chap. 541, U. S. Comp. Stat. 1901, p. 3424.]

We have ascertained that some years ago this same firm, at the petition of their creditors, were declared involuntary bankrupts in this court, but that, for some reason, all of the petitioning creditors came into court and consented that the proceeding be dismissed, which was done. We have no knowledge why this was done, nor as to what effect the same may have on the rights, if any, of such creditors before the present referee, and as to this we express no opinion at the present time.

Proper orders, etc., to make effective the views herein expressed, will be prepared and entered, and will issue as may be proper.